A. O. VITTY *v.* ROSILL A. PEASLEE'S ESTATE.

May Term, 1904.

Present:   ROWELL, C. J., TYLER, START, WATSON, STAFFORD, and
HASELTON, JJ.

Opinion filed May 21, 1904.

*Claim Against Decedent's Estate—Evidence—Burden of Proof—Charge of Court.*

In assumpsit against a decedent's estate, when the estate contends that the claimant should be charged with $3,500 in offset, as the proceeds received by him from the sale of her farm, and he claims he has fully accounted for the money, and that he has, at the decedent's request, paid $1,000 of it to her daughter, it is proper to allow the claimant to put in evidence a paper signed by the decedent, which states that she had settled with her son, and had given him $1,000 from her estate, and that, "to make it equal," she thereby gave her daughter the same sum.

In such a case the charge of the court that if the money is shown into the claimant's hands, the burden is on him to account for it as having been paid to the decedent, or disposed of in accordance with her directions, is a sufficient statement of the law of the matter.

APPEAL from the decision of commissioners on the claim presented by A. O. Vitty against the estate of Rosil A. Peaslee and the claim of Joseph C. Enright, the administrator, in offset thereto. Declaration in general assumpsit, with

specifications of yearly charges for board, washing, and attention covering a period of six years previous to decedent's death. Plea, the general issue and declaration in offset. Trial by jury at the December Term, 1903, Windsor County, *Munson, J.,* presiding. Verdict and judgment for the claimant. The appellant excepted.

It appeared that the administrator had declined to appeal, and that the appellant is Moses R. Peaslee, the only son of the intestate.

*Gilbert A. Davis* for the appellant.    .    .

The burden was on the claimant to show that decedent was fully informed that he had received $3,500 for the farm, and the court should have so instructed the jury. *Clark* v. · *Moody,* 17 Mass. 145; 1 Am. Lead. Cases, 694, 706; *Dodge* v. *Perkins,* 9 Pick. 368; *McMahan* v. *Franklin,* 35 Mo. 55; *Gallup* v. *Merrill,* 40 Vt. 137; 1 Am. & Eng. Enc. L. 372, 373; 1 Story's Eq. Juris. § 1462 to § 1468.

The amount claimant had received from the sale of the farm was a fact peculiarly within his knowledge, and for this reason the burden is on him. Best Ev. § 274; Greenl. Ev. § 79; Starkie Ev. 589.

*W. B. C. Stickney* and *E. R. Buck* for the claimant.

ROWELL, C. J.   The only questions made relate to the set-off pleaded to the claimant's demand. The appellant and the claimant's wife are the children and sole heirs of the intestate.

The appellant's testimony tended to show that in 1897 the claimant, as the intestate's agent, sold a farm of hers for $3,500 and received the price in money, and this is the matter of set-off. The claimant contended in rebuttal that he fully

accounted for the money to the intestate, and claimed, as it seems from the exceptions, that he paid a thousand dollars of it to his wife at the intestate's request; and as tending to prove that, he offered in evidence part of a paper writing, signed by the intestate and dated June 12, 1899, which stated that she 'had settled with her son and given him towards his share $1,000 of her estate, which she called an advancement, and that, "to make it equal," she thereby gave to her daughter the sum of a thousand dollars.  The testimony was admitted, to which the appellant excepted, for that it was allowing the intestate's declarations to be shown as to money given to another person not a party to this suit.  But the paper was clearly admissible, as it tended to show, in connection with the other testimony in the case, that the thousand dollars therein referred to as given to the defendant's wife was a part of the farm money, and the court left it to the jury to say on the whole evidence whether it was or not, and whether it was actually delivered to her, to which the appellant did not except.

The appellant requested the court to charge that if it was found that the claimant received the farm money as the intestate's agent, the burden was on him to show that the intestate was fully informed of the amount received, and to establish that he fully accounted for and paid over to her the whole of it.  The court charged that if the money was shown into the claimant's hands, the burden was on him to account for it as having been paid to the intestate or disposed of in accordance with her directions.  This was a substantial compliance with the law of the subject.

*Judgment affirmed.  Let a certificate go down.*